## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## WESTERN DIVISION

TONY LEWIS AND JOSEPH LEWIS                                    PLAINTIFFS

VERSUS                              CIVIL ACTION NO: 5:09-cv-170-DCB

CHARLEY CARRIERS, INC.
AND ALLEN L. MEIER                                            DEFENDANTS

### <u>OPINION AND ORDER</u>

This matter comes before the Court on the Plaintiff's Motion
to Remand [docket entry no. 3].  Having carefully considered the
Motion, Response thereto, applicable statutory and case law, and
being otherwise fully advised in the premises, the Court finds and
orders as follows:

### I. FACTS AND PROCEDURAL HISTORY

Tony Lewis and Joseph Lewis ("plaintiffs") commenced this
action on June 12, 2009, in the Circuit Court of Warren County,
Mississippi, against Charley Carriers, Inc. and Allen L. Meier
("defendants").  The plaintiffs allege claims of negligence against
the defendants and seek, as damages, actual damages, compensatory
damages, incidental damages, including past and future medical
bills, and punitive damages.

This action originated from an automobile accident on March
29, 2009, which involved the parties.  Defendant Allen Meier was
driving a vehicle owned by Charley Carriers on Interstate 20 when
it collided with the plaintiffs vehicle.  Joseph Lewis was driving
and Tony Lewis was the passenger.  In their complaint, the

plaintiffs allege that Meier was acting within the course and scope of his employment with Charley Carriers when the accident occurred, and that the defendants' negligent actions were the proximate cause of the collision and injuries suffered by the plaintiffs. Subsequent to the filing of the motion to remand, Plaintiff Joseph Lewis settled his claims against the defendants. As a result, Plaintiff Tony Lewis (hereinafter "Lewis" or "plaintiff") is the only remaining plaintiff.

On October 16, 2009, the defendants removed this case to the Federal District Court in the Southern District of Mississippi. The defendants removed pursuant to 28 U.S.C. 1332 arguing that the parties are completely diverse and that the amount in controversy exceeds $75,000, exclusive of interest and costs.[1] Specifically, the defendants argue that the plaintiff did not specify the amount of damages in the complaint, and that in his answers to the defendants' request for admissions, the plaintiff reserved his right to modify or supplement pleadings and denied that he would not accept any payment in excess of $75,000. As a result, and because the plaintiff is seeking punitive damages, the defendants

---

[1] Complete diversity is not at issue. The plaintiffs stated in the complaint, and the defendants reiterated in the notice of removal, that the parties are completely diverse. Both plaintiffs are adult residents of Hinds County, Mississippi. Defendant Charley Carriers, Inc. is a resident business corporation of the State of Arkansas which may be served with process through its registered agent in Fayetteville, Arkansas. Defendant Allen L. Meier is an adult resident of Arkansas with a last known address in Avoca, Arkansas.

argue that the plaintiff is seeking an amount or will amend his pleadings to seek an amount in excess of $75,000.

The plaintiff filed a Motion to Remand on October 29, 2009. In the motion, the plaintiff argues that even though the complaint does not specify the amount of damages sought, the plaintiff specifically stated in answers to the defendants' interrogatories that the damages are less than $75,000. The plaintiff also argues that he has no intent to amend his pleadings to pursue an amount above $75,000. Additionally, the plaintiff submitted an affidavit attached to his motion stating that he will not amend his complaint to seek more than $74,999 nor will he accept an award in excess of $74,999. The Motion to Remand is now before the Court.

## II. ANALYSIS

A district court's removal jurisdiction over an action is judged by looking to the claims in the state court complaint at the time of removal. Manguno v. Prudential Prop. & Cas. Co, 276 F.3d 720, 723 (5th Cir. 2002). Removal is proper only if the defendant proves by a preponderance of the evidence "that the amount in controversy exceeds $75,000." Id. This burden is met if "(1) it is apparent from the face of the petition that the claims are likely to exceed $75,000, or alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." Id. If the defendant meets his burden, the plaintiff may have the case remanded by

showing "that at the time of removal he was legally certain not to be able to recover" an amount exceeding $75,000, exclusive of interest and costs. Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 n.14 (5th Cir. 1995). "Any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno, 276 F.3d at 723.

"While post-removal affidavits may be considered in determining the amount in controversy at the time of removal, such affidavits may be considered only if the basis for jurisdiction is ambiguous at the time of removal." Gebbia v. Wal-Mart Stores, Inc., 233 F.3d 880, 883 (5th Cir. 2000). That is, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction." Id.

The Court finds that the defendants have not demonstrated by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. Specifically, the defendants conclude that because the plaintiff reserved the right to amend or supplement his responses to the defendants request for admissions that the plaintiff has the intent to seek in excess of $75,000. However, conclusory allegations cannot be the basis for removal. Allen, 63 F.3d at 1335.

Furthermore, the Court finds that the amount in controversy

was ambiguous at the time of removal. Although the plaintiff's complaint lists certain damages, it does not state a specific amount in controversy nor does the record contain facts describing the severity of the plaintiff's injuries. In addition, before this action was removed, the plaintiff admitted in his answers to the defendants' request for admissions that (1) he did not have damages in excess of $75,000; (2) he will not seek damages in excess of $75,000; (3) there is no possible way he could ever have damages in excess of $75,000; and (4) he will not amend his complaint to seek damages in excess of $75,000. Exhibit C, att. to Mot. to Remand. The plaintiff also stated in his answers to interrogatories that his damages are less than $75,000. The plaintiff's answers were submitted to the defendants before the removal date.

Inasmuch as the Court finds that the amount in controversy was ambiguous at the time of removal, the Court may consider the plaintiff's post-removal affidavit. In the affidavit, the plaintiff stated that his damages are less than $75,000, he will not amend or authorize anyone to amend his complaint to seek more than $74,999, and he will not accept an amount in excess of $75,000. See F.M.B. v. The Mega Life & Health Ins. Co., 2009 WL 426435 (S.D. Miss. 2009)(holding that basis of jurisdiction was not facially apparent and considering post-removal affidavit in decision to remand); Guy Jones, Jr. Construction Co. v. Zurich-Am. Ins. Group, 2006 WL 1983404, at *1 (N.D. Miss. 2006)(finding that

plaintiff's stipulation in motion to remand bound plaintiff). As a result, the Court finds that the amount in controversy requirement is not satisfied and the Motion to Remand should be granted.[2]

### III. CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's Motion to Remand [docket entry no. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that the above styled and numbered cause should be, and is hereby **REMANDED TO THE CIRCUIT COURT OF WARREN COUNTY, MISSISSIPPI**, pursuant to 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that a certified copy of this order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. §§ 1447(c).

**SO ORDERED AND ADJUDGED** this the 31st day of March 2010.


                                    s/ David Bramlette

                            **UNITED STATES DISTRICT COURT**

_____

[2] If the plaintiff later attempts to amend the complaint to seek damages in excess of $75,000, exclusive of interest and costs, this Court may entertain removal under Tedford v. Warner-Lambert Co., 327 F.3d 423, 428-29 (5th Cir. 2003). See also Lee v. State Farm Mutual Automobile Ins. Co., 360 F. Supp. 2d 825, 832-33 (S.D. Miss. 2005)(stating that under Mississippi rules a plaintiff may amend as late as the close of evidence at trial, however "the Court presumes that the state trial judge would prohibit such an amendment as it would be allowing the Plaintiff to perpetrate a fraud on this Court").